IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL A. ROGERS,

    Petitioner,

v.                                        CASE NO. 4:14-cv-62-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2008 Wakulla County conviction for one count of sexual battery on a child under 12 years of age by a defendant 18 years of age or older.  (Doc. 1; Doc. 11-7 at 197-201.)   Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred.  (Doc. 11.)  Petitioner has filed a response in opposition to the motion and an amended response.  (Docs. 15, 18.) Upon due consideration of the motion to dismiss, the responses, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

## Facts and Procedural History

Petitioner's state court procedural history is as follows: On March 28, 2008, Petitioner was charged, pursuant to an amended information, with one count of sexual

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 4:14-cv-62-MW-GRJ*

battery on a child under 12 years of age by a defendant 18 years of age or older. (Doc. 11-1 at 120.) Before trial began, Petitioner sought state habeas relief to contest the amount of bond, but the petition was denied by the First District Court of Appeal. (Doc. 11-1 at 27-104.) On June 19, 2008, Petitioner was found guilty of sexual battery on a child under 12 years of age by a defendant 18 years of age or older and sentenced to life imprisonment without parole. (Doc. 11-1 at 189; Doc. 11-1 at 198-199.) On April 26, 2010, the First District Court of Appeal affirmed Petitioner's conviction and designation as a sexual predator. (Doc. 11-2 at 142-147.) On May 12, 2008, the First DCA issued its mandate. (Doc. 11-2 at 155.) On July 6, 2010, Petitioner filed a notice for discretionary review with the Florida Supreme Court, which the Florida Supreme Court dismissed as untimely on July 7, 2010.[2] (Doc. 11-1 at 20; Doc. 11-2 at 157.)

On June 23, 2010, Petitioner submitted a rule 3.800(c) motion for the reduction or modification of his sentence. (Doc. 11-2 at 161-169.) On February 16, 2011, the State submitted its response which the Circuit Court for the Second Judicial Circuit denied on March 18, 2011. (Doc. 11-2 at 173-177; Doc 11-2 at 180.) On April 12, 2011, Petitioner filed a notice of appeal. (Doc. 11-2 at 181-182.) The First DCA ultimately dismissed Petitioner's appeal and filed its mandate on August 9, 2011. (Doc. 11-2 at 186-209; Doc. 11-2 at 210.)

On October 28, 2011, Petitioner submitted a state habeas petition, alleging that the trial court lacked subject matter jurisdiction. (Doc. 11-2 at 220-250.) This petition

---

[2]The Florida Supreme Court's dismissal noted that Petitioner's notice was subject to reinstatement if timeliness were to be established on a proper motion filed within fifteen days. Petitioner did not file a proper motion establishing timeliness.

was treated as a 3.850 motion and transferred to the Circuit Court for the Second Judicial Circuit in and for Wakulla County, Flordia. (Doc. 11-2 at 251-252.) After the State responded the petition was denied on October 24, 2012. (Doc. 11-2 at 263-269; Doc. 11-2 at 282-285.) The First DCA affirmed and issued its mandate on August 5, 2013. (Doc. 11-3 at 19; Doc. 11-3 at 23.)

Petitioner submitted his presently pending federal habeas petition on January 31, 2014. (Doc. 1 at 1-23.)

### One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner's judgment was affirmed on April 26, 2010. (Doc. 11-2 at 142-147.) Accordingly, the 90 day interval during which Petitioner had to petition the Supreme Court for certiorari before his judgment became final would have expired July 26, 2010. The Florida Supreme Court did dismiss an action filed by Petitioner for discretionary review on July 7, 2010, but this was before expiration of the 90 day interval. (Doc. 11-1 at 20; Doc. 11-2 at 157.) Additionally, the action filed for discretionary review was

dismissed for being untimely and thus was not properly filed.  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a post-conviction motion rejected as untimely by a state court was not "properly filed").  Therefore, because the Florida Supreme Court did not grant certiorari at any time, Petitioner's judgment became final on July 26, 2010.  Accordingly, the one-year limitations period began on July 27, 2010 and expired on July 27, 2011, unless it was statutorily tolled.

Petitioner filed one motion in state court while the one-year limitations period was running: a Florida Rules of Criminal Procedure Rule 3.800(c) motion for the reduction or modification of a sentence, which Petitioner filed on June 23, 2010.  (Doc. 11-2 at 161-169.)  This proceeding did not conclude until the First DCA filed a mandate on August 9, 2011, after Petitioner failed to show cause as to why his appeal of the trial court's denial should not be dismissed for lack of jurisdiction.  (Doc. 11-2 at 210.)  A state court motion for discretionary sentence reduction pursuant to Rule 3.800©, however, is a request for leniency, not an application for state post conviction relief.  *Baker v. McNeil*, 439 Fed Appx. 786, 789 (11th Cir. 2011).  Rule 3.800(c) vests the trial court with absolute discretion to mitigate a sentence. *Id*.  Thus, the filing of such a motion does not toll the one-year limitations period for filing a federal habeas petition.  *Shanklin v. Tucker*, 2012 WL 1398186, *3 (N.D.Fla. 2012) (unpublished);[3] *See also Baker v. McNeil*, 439 Fed Appx. 786, 789 (11th Cir. 2011).

Therefore, the one year limitation expiration date remained July 27, 2011.

---

[3]Although unpublished opinions are not binding on this Court, they are persuasive authority.  11th Cir. R. 36-2.

*Case No: 4:14-cv-62-MW-GRJ*

Accordingly, the state habeas petition that Petitioner submitted on October 28, 2011 did not toll the one-year limitations period. (Doc. 11-2 at 220-250.) Petitioner filed the instant federal habeas petition on January 31, 2014, approximately two years and six months after the July 27, 2011 expiration date. (Doc. 1 at 1-23.) Petitioner's habeas petition is, therefore, time-barred.

**The "Actual Innocence" Exception to the Limitations Period Does Not Apply**

Petitioner attempts to assert an actual innocence claim in his response in opposition to the motion to dismiss. (Docs. 15, 18.)   However, his conclusory assertions are insufficient to invoke the actual innocence exception.  An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In the instant case, Petitioner alleges no facts that would give rise to the actual innocence exception.  Petitioner alleges that the victim had made inconsistent statements regarding digital penetration and that his constitutional rights were violated

because of this.  (Doc. 15 at 2-7, Doc. 18 at 2-6.)  However, the victim testified at trial regarding her previous statements.  In particular, during cross-examination of the victim by Mr. Glazer, Petitioner's defense counsel, the following exchange occurred:

> Q: Do you remember telling Christina King, who was talking to you about this, do you remember saying that nothing happened?
> A: Yes.
> Q: Do you remember that you denied that Mr. Rogers had ever touched you?
> A: Yes.

(Doc. 11-1 at 558.)  The victim was then questioned on redirect by prosecuting attorney Mr. Campbell:

> Q: When you talked to, in the office with them, do you remember somebody asking you if he had ever penetrated you?
> A: I don't remember.
> Q: Okay.  In sex lingo, if somebody asks you If somebody penetrated you, would you mean that like intercourse penetration?
> A: That's what first comes to mind, yes.
> Q: So if somebody asked did he penetrate you, would that necessarily include finger penetration?
> A: Yes, technically it would.

(Doc. 11-1 at 563.)

The foregoing establishes that inconsistencies in Petitioner's statements were disclosed during the trial.  Petitioner has failed to set forth any "new reliable evidence that was not presented at trial."  Instead, Petitioner is asking for evidence to be re-weighed.  Thus, Petitioner has failed to make a showing that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt," as required to establish a colorable claim of actual innocence.  *See Schlup*, 513 U.S. at 324.

Accordingly, for these reasons, Petitioner's claim of entitlement to an actual innocence gateway to avoid the one-year federal limitations bar is without merit.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss Petition for Habeas Corpus as Untimely, Doc. 11, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED as time-barred**.

*Case No: 4:14-cv-62-MW-GRJ*

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 1st  day May 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.