IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL ROGERS,

    Petitioner,

v.                                          CASE NO. 4:14-cv-62-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court following the Eleventh Circuit's remand of the judgment dismissing the petition as time-barred. ECF No. 33. Pursuant to the Court's order following remand, Respondent has filed a response to the merits of the sole claim asserted in the Petition. ECF Nos. 40, 41. Petitioner has not filed a reply, and the deadline for doing so has elapsed. ECF No. 39. For the following reasons, it is recommended that the Petition be denied.[1]

### I. Facts and Procedural History

Petitioner was arrested in July 2007 and charged by information with one count of sexual battery on a child under 12 years of age by a

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

defendant 18 years of age or older. ECF No. 11-1 at 121. A probable cause affidavit reflects that the victim was interviewed by a sheriff's deputy at Wakulla High School in the presence of an assistant principal and a DCF investigator. *Id*. at 122-25. The victim stated that she was abused by Petitioner (her mother's boyfriend) when she was between the ages of six and eight. The victim stated that she believed Petitioner also abused her sister and a neighborhood friend. The victim subsequently described the abuse in an interview at the child protection team office in Tallahassee. *Id.*

On April 13, 2007, the victim met with personnel from the Wakulla County Sheriff's Office, and described abuse occurring on about 10 occasions. On May 1, 2007, Petitioner consented to a Computerized Voice Stress Analysis (CVSA) after being advised of his *Miranda* rights and signing a waiver. Petitioner was found to be deceitful in his answers regarding whether he had sexually abused the victim. The victim also consented to a CVSA and was found to be truthful. Investigators also interviewed the woman identified by the victim as the family friend whom Petitioner had also abused. She described sexual encounters with Petitioner when she was age 17 and was aware of Petitioner's sexual abuse of the victim. Another family friend told investigators that she

suspected that the victim was being abused when she was a child. The victim informed the family friend of the abuse a few weeks prior to the interview. Based upon this investigation, the investigator requested a warrant for Petitioner's arrest. *Id*.

At trial, the State's evidence included testimony of the victim's mother, the family friends identified in the probable cause affidavit, and the victim. Petitioner was found guilty and sentenced to life imprisonment without parole. *Id*. at 189; 198-199. The First District Court of Appeal affirmed the judgment, sentence, and order designating Petitioner as a sexual predator, but reversed a restitution order entered by the trial court. ECF No. 11-2 at 142-147. Petitioner's notice for discretionary review with the Florida Supreme Court was dismissed as untimely. ECF No. 11-1 at 20; 11-2 at 157.

Petitioner submitted a rule 3.800(c) motion for the reduction or modification of his sentence, which was denied by the trial court. ECF No. 11-2 at 173-177; 180. The First DCA dismissed Petitioner's appeal for lack of jurisdiction. ECF No. 11-2 at 186-209; 210.

Petitioner submitted a state habeas corpus petition in Liberty County Circuit Court, alleging that the trial court lacked subject matter jurisdiction

due to defects in the probable cause affidavit and information. ECF No. 11-2 at 220-250. This petition was treated as a 3.850 motion and transferred to Wakulla County Circuit Court. *Id*. at 251-252. The trial court denied the petition, finding that any technical defects in the affidavit did not deprive the trial court of jurisdiction and the good-faith exception to the exclusionary rule would apply. The court also found that Petitioner waived any objection to the information by proceeding to trial, and the asserted defect was merely technical and not a fundamental defect that rendered Petitioner's conviction void. *Id*. at 282-85. The First DCA affirmed *per curiam* without written opinion. ECF No. 11-3 at 19.

Petitioner then filed the instant federal habeas corpus petition. ECF No. 1. Petitioner asserts one claim for relief: that the trial court erred in denying his state habeas corpus petition alleging lack of subject matter jurisdiction due to technical and substantive defects in the probable cause affidavit. *Id*. Respondent argues that the Petition should be denied because Petitioner presents no cognizable federal constitutional claim with respect to technical defects in the probable cause affidavit. Respondent argues that Petitioner's claim regarding substantive defects was not presented to the trial court in his state habeas corpus petition and

therefore such claim is unexhausted and procedurally defaulted. ECF No. 41.

## II. <u>Section 2254 Exhaustion Requirement</u>

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas

courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  Section 2254 Standard of Review

Pursuant to 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made

by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than

*Page 8 of 18*

*dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v.*

*Jackson,* 542 U.S. 649, 652 (2004).

## IV. Discussion

### A. *Technical Defects in Probable Cause Affidavit and Information*

In his state habeas petition, Petitioner claimed that the trial court lacked subject matter jurisdiction because, contrary to Fla. Stat. § 92.50, the probable cause affidavit was not properly authenticated by the signature and seal of the person swearing to it. He also claimed that the information was defective because it was not sworn and notarized. ECF No. 11-1 at 220-50. The probable cause affidavit is signed by Detective Vicki Nicole Mitchell and attested by Lt. C. Morrison, a law enforcement officer, but there is no seal. ECF No. 11-2 at 247. Petitioner conclusionally alleged that the state law defects amounted to a violation of due process under the fifth and fourteenth amendments. ECF No. 11-2 at 228.

As Respondent contends, Petitioner asserted his state habeas corpus/Rule 3.850 claim solely as one of state law notwithstanding his conclusional assertion that the state law defect amounted to a violation of due process. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,*

497 U.S. 7654, 780 (1990)). "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *see Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

In rejecting these claims, the state court held as follows:

> Florida Rule of Criminal Procedure 3.120 provides that a judge may issue a search or arrest warrant "in writing and sworn to before a person who is authorized to administer oaths." Fla. R. Crim. P. 3.120. Section 92.50 provides that all oaths, affidavits and acknowledgements may be administered by a judge, court clerk, or notary public, and that "the certificate of proof or acknowledgment ... shall be authenticated by the signature and official seal of such officer or person taking or administering the same." § 92.50, Fla. Stat. (emphasis added). Law enforcement officers are authorized to administer oaths when engaged in the performance of official duties." § 117.10, Fla. Stat.
>
> The probable cause affidavit in support of the arrest warrant in Defendant's case shows that on July 9, 2007, Lt. Morrison of the Wakulla County Sheriff's Office administered the oath to Det. Mitchell, who swore that the facts established in the affidavit were true and correct, and that Lt. Morrison

authenticated Det. Mitchell's oath and signature. *Exh. 1 - Probable Cause Affidavit*. The arrest warrant itself was sworn to by Det. Mitchell and authenticated by the signature of Judge Sauls on July 10, 2007. *Exh. 2 - Warrant*.

Although the probable cause affidavit contains the signature of the person who administered the oath, it does not contain that person's "official seal" as required by section 92.50(1). However, a probable cause affidavit is not fatally defective in the absence of the attesting seal. *Pepilus v. State*, 554 So.2d 667, 667 (Fla. 2d DCA 1990). By swearing to the affidavit, the officer subjected herself to a charge of perjury if the affidavit proved untrue. *Id*. Further, a technical deficiency in an arrest affidavit does not deprive the circuit court of jurisdiction in a criminal case. *Smith v. State*, 82 So.3d 823, 824 (Fla. 4th DCA 2011) (specifically addressing the alleged failure of an arrest affidavit to contain an official seal); *Faidy v. State*, 919 So. 2d 582, 583 (Fla. 5th DCA 2006). The Court would also note that the good faith exception to the exclusionary rule applies in this situation, and there has been no indication or allegation of a lack of probable cause. *Crain v. State*, 914 So.2d 1015, 1023-24 (Fla. 5th DCA 2005).

Defendant also alleges that the trial court lacked subject matter jurisdiction because the charging document was not properly authenticated by a notary public's seal. First of all, Defendant waived any objection to the information by proceeding to trial; any alleged defect as to a signature or oath in an information must be raised prior to a determination of the case on the merits. Fla. R. Crim. P. 3.140(g); *Jenkins v. State*, 6 So.3d 71, 72 (Fla. 3d DCA 2009). Secondly, a review of the Amended Information and original Information demonstrates that the missing notary seal is merely a technical defect rather than a fundamental defect that would render the conviction void. The original Information was signed on July 19, 2007, by Assistant State Attorney Jack Campbell and notarized by notary public Merle R. Eddings, who affixed his seal to the document. *Exh 3 - Information*. The Amended Information was

> signed on March 28, 2008, by Jack Campbell and was notarized by the same notary public, Merle R. Eddings, but without a seal. *Exh. 4 - Amended Information*. This was obviously an oversight.
>
> An Information is fundamentally defective "only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the Defendant is misled or exposed to double jeopardy." *Smartmays v. State*, 901 So.2d 278, 280 (Fla. 5th DCA 2005). "Defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and where all the elements of the crime in question are proved at trial."*Carbajal v. State*, 75 So.3d 258, 262 (Fla. 2011). The Amended Information alleges all essential elements and put Defendant on sufficient notice of the crime to which he was charged. (Exh. 4).
>
> Because neither the probable cause affidavit nor the Amended Information are fatally defective, the trial court did not lack subject matter jurisdiction and Defendant is not entitled to relief.

ECF No. 11-1 at 282-319.

The state court's rejection of Petitioner's claims thus rested wholly on state law grounds, consistent with Petitioner's assertion of such claims as state-law claims.  Although Petitioner couches his claims in his federal petition in terms of a denial of federal constitutional due process, such allegations are insufficient to assert a cognizable federal constitutional violation.  *See Branan*, 861 F.2d at 1508.  Petitioner has failed to show that the state court's rejection of these claims was contrary to, or an

unreasonable application of, federal law.

B.  *Validity of probable cause affidavit*

Petitioner contends that the probable cause affidavit was substantively invalid because it reflects inconsistencies in the victim's statements regarding whether the sexual abuse by Petitioner involved penetration.  He contends that his arrest and conviction was therefore obtained on a false police report and perjured victim statements resulting in fundamental error and manifest injustice.  *See* ECF No. 1 at 18-23.

This claim was not asserted in Petitioner's postconviction motion in the trial court.  *See* ECF No. 11-2 at 223, 226-28.  It was asserted for the first time in his appellate brief to the First DCA.  *Id*. at 302-19.  Thus, Petitioner failed to properly exhaust this claim in state court by first presenting it to the trial court.  The claim is therefore procedurally defaulted and foreclosed from federal review.  As Respondent points out, Petitioner has failed to establish cause for the procedural default because he claimed in his First DCA appeal that the factual basis for the claim was set forth on the face of the July 2007 probable cause affidavit, which was the subject of his postconviction motion.  *Id*.

Petitioner conclusionally asserts that he can overcome the

procedural bar on the grounds of manifest injustice, which the Court construes as a claim of actual innocence. *See* ECF No. 1. In *McQuiggan v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" in the face of a procedural bar. *McQuiggin*, 133 S.Ct. at 1928. To establish "actual innocence," Petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In the instant case, Petitioner alleges no facts that would give rise to the actual innocence exception. Petitioner alleges that the victim made inconsistent statements regarding penetration and that his constitutional rights were violated because of this. ECF No. 1. However, the victim

testified at trial regarding her previous statements. In particular, during cross-examination of the victim by Petitioner's defense counsel the following exchange occurred:

> Q: Do you remember telling Christina King, who was talking to you about this, do you remember saying that nothing happened?
> A: Yes.
> Q: Do you remember that you denied that Mr. Rogers had ever touched you?
> A: Yes.

ECF No. 11-1 at 558. The victim was then questioned on redirect by prosecuting attorney Mr. Campbell:

> Q: When you talked to, in the office with them, do you remember somebody asking you if he had ever penetrated you?
> A: I don't remember.
> Q: Okay. In sex lingo, if somebody asks you if somebody penetrated you, would you mean that like intercourse penetration?
> A: That's what first comes to mind, yes.
> Q: So if somebody asked did he penetrate you, would that necessarily include finger penetration?
> A: Yes, technically it would.

*Id*. at 563.

The foregoing establishes that inconsistencies in the victim's statements were disclosed during the trial. Petitioner has failed to set forth any "new reliable evidence that was not presented at trial." Thus,

Petitioner has failed to make a showing that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt," as required to establish a colorable claim of actual innocence. *See Schlup*, 513 U.S. at 324.

Accordingly, for these reasons, the Court concludes that Petitioner's claim regarding the validity of the probable cause affidavit was procedurally defaulted because he failed to assert it in state court prior to his appeal from the denial of his postconviction motion. Petitioner's claim of entitlement to an actual innocence gateway to federal habeas review is without merit.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that the Petition, ECF No. 1, should be **DENIED** and that a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 26th day of October 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations**

**as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.